IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALAN DOERING
ADC# 106115                                                                                                PETITIONER

VS.                                         5:14CV00140 JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                   RESPONDENT

## MEMORANDUM ORDER

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Alan Doering. *Doc. 1*. Before addressing Doering's habeas claims, the Court will review the procedural history of the case in state court.

On October 10, 2012, Doering pleaded guilty, in Sebastian County Circuit Court, to: (1) knowingly exposing another person to HIV; and (2) second-degree sexual assault. *Doc. 10-1 at 4-8*. He received a fifteen-year sentence on the HIV-exposure conviction, and a consecutive fifteen-year "suspended imposition of sentence" on the sexual assault conviction. *Id.*

On January 30, 2013, Doering filed a *pro se* motion to withdraw his guilty pleas. *Doc. 10-3 at 12*. On February 1, 2013, the Sebastian County Circuit Court

entered an order denying Doering's motion for lack of jurisdiction because it was untimely.[1] *Doc. 10-3 at 14*. Doering filed an appeal with the Arkansas Supreme Court. However, on May 23, 2013, the Court issued a "Formal Order" dismissing the appeal after Doering missed a deadline to file a corrected appellate brief. *Doc. 10-4 at 5*.

On April 17, 2013, Doering filed a Rule 37 Petition in the Sebastian County Circuit Court asserting various claims for postconviction relief. *Doc. 10-5 at 13*. On April 23, 2013, the trial court entered an order denying the petition as untimely.[2] *Doc. 10-5 at 24*. Doering did not appeal the denial of Rule 37 relief.

Doering initiated this federal habeas action on April 11, 2014. He argues that: (1) he is "actually innocent;" (2) his guilty plea was unknowing and involuntary; (3) he received ineffective assistance of counsel; and (4) his lawyer had a conflict of interest. Respondent argues that Doering's claims are: (1) barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1); and (2) procedurally defaulted.

For the reasons discussed below, the Court concludes that all of Doering's habeas claims are untimely and that his habeas Petition must be dismissed, with prejudice.

---

[1] Rule 26.1 of the Arkansas Rules of Criminal Procedure allows a defendant to move to withdraw a guilty plea after it has been accepted by the trial court, but before the entry of judgment. After the entry of judgment on a guilty plea, a trial court lacks jurisdiction to consider a motion to withdraw. *See Hagen v. State*, 2010 Ark. 54, 2010 WL 395975 (2010).

[2] On April 17, 2014, Doering filed a second Rule 37 Petition *(doc. 10-5 at 3)*, which was denied as untimely on July 14, 2014. *Doc. 10-5 at 12*.

## II. Discussion

### A. Application of AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a § 2254 habeas petition to be filed within one year of the date on which the state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Doering entered his guilty pleas on October 10, 2012, and his Judgment and Commitment Order was entered on October 12, 2012. He had thirty days from that date, until November 12, 2012, to file a notice of appeal with the Arkansas Supreme Court. When he did not file a notice of appeal, Doering's judgment became "final" on that day for purposes of 28 U.S.C. § 2244(d)(1)(A).[3]

The next day, on November 13, 2012, the habeas statute of limitations began to run. One year later, on November 13, 2013, the statute of limitations expired. Doering initiated this federal habeas action on April 11, 2014,[4] more than five months after the expiration of the limitations period.

### B. Analysis of Statutory and Equitable Tolling

AEDPA provides for statutory tolling during the time a "properly filed" petition for collateral review is pending in state court. *See* 28 U.S.C. § 2244(d)(2).

---

[3] In *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015), the Eighth Circuit acknowledged that, under Arkansas law, there is no general right to appeal an unconditional guilty plea. Nonetheless, the Court held that, for purposes of triggering the habeas limitations period, a defendant who pleads guilty is entitled to the thirty days in which he could have, but did not, file a notice of appeal. *Id.*

[4] April 11, 2014, is the date Doering placed his habeas Petition in the ADC's prison mailbox system. *Doc. at 11*.

However, Doering is not entitled to any statutory tolling because all of his postconviction motions were untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (a state court determination that a postconviction motion is untimely under state law "is the end of the matter" for purposes of whether the motion is "properly filed" under § 2244(d)(2)).

In an effort to receive "equitable tolling," Doering argues that his "thoughts were affected" during the relevant time frame because he was taking Paxil, an antidepressant.[5] *Doc. 1 at 14, doc. 11 at 1*. However, his bare allegation that his "thoughts were affected" while taking an antidepressant does not demonstrate the sufficient "degree and duration" of mental impairment that might be an extraordinary circumstance warranting equitable tolling.[6] *See Nichols v. Dormire*, 11 Fed. Appx. 633 (8th Cir. 2001). Moreover, Doering's contention is directly contradicted by his demonstrated ability to prepare and file *pro se* postconviction motions in state court. Accordingly, the Court concludes that Doering is not

---

[5] Doering has submitted a September 14, 2012 medical record from the Sebastian County Detention Center showing that he was started on Paxil for his complaints of "pain" and "anxiety." *Doc. 11 at 2*.

[6] The United States Supreme Court has explained that, in order to invoke equitable tolling, a habeas petitioner must satisfy the following two-pronged test: (1) he must demonstrate that he has been "pursuing his rights diligently;" and (2) he must show that "some extraordinary circumstance" stood in his way and prevented timely filing of his habeas action. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required under *Holland* is "reasonable diligence not maximum feasible diligence." *Holland*, 560 U.S. at 653. "[E]quitable tolling is appropriate only under limited circumstances . . . [and] must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *see also Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) ("Equitable tolling is an *exceedingly narrow* window of relief.") (emphasis in original). The Eighth Circuit has recognized that a "mental impairment can be an extraordinary circumstance interrupting the limitation period[.]" *Nichols v. Dormire*, 11 Fed. Appx. 633 (8th Cir. 2001)

4

entitled to invoke the doctrine of equitable tolling and his habeas Petition is barred by AEDPA's one-year statute of limitations.[7]

### III. Conclusion

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus is DENIED, and this case is DISMISSED, WITH PREJUDICE. IT IS FURTHER ORDERED THAT a Certificate of Appealability is DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 14th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] Finally, Doering argues that he is "actually innocent" because he is "gay and would never sleep with [the female victim]." *Doc. 1 at 5*. However, in light of his guilty plea, this is not the sort of "new reliable evidence" that could warrant the application of the actual innocence exception to the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (the "severely confined" actual innocence exception requires the production of new evidence making it more likely than not that no reasonable juror would have convicted the petitioner); *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (a petitioner claiming actual innocence must also "come forward not only with new reliable evidence which was not presented at trial, but . . . come forward with new reliable evidence which was not available at trial through the exercise of due diligence.").